IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ridge Corporation,<br>1201 Etna Parkway,<br>Pataskala, Ohio, 43062 | )<br>)<br>)<br>) | JUDGE _____ |
| Plaintiff, | )<br>) | CASE NO. 2:22-cv-4433 |
| v. | )<br>) | |
| Piyush Mundada,<br>6519 Clifton Park Circle S. Apt. 207,<br>New Albany, Ohio | )<br>)<br>)<br>) | **Verified Complaint for<br>Injunctive and Monetary<br>Relief to Address** |
| and | )<br>)<br>) | **Trade Secret Theft,<br>Breach of Contract,<br>and Intentional Interference** |
| Mubea North America,<br>8283 Dixie Highway,<br>Florence, Kentucky 41042 | )<br>)<br>)<br>) | **with Contracts and Business<br>Relations** |
| Defendants. | )<br>)<br>) | |

## COMPLAINT

Plaintiff Ridge Corp. Inc., ("**Ridge Corp.**") presents this Complaint against Defendants Piyush Mundada ("**Mundada**") and Mubea North America, which is formed as Mubea Inc. ("**Mubea**") (collectively, "Defendants"), and states as follows.

## NATURE OF ACTION

1.      This is an action for injunctive and declaratory relief by Ridge Corp. arising from the wrongful and improper conduct of Defendants Mundada and Mubea, including:

(i) Mundada's breach of his Confidentiality and Non-Compete Agreement with Ridge Corp. by stealing highly secret and proprietary engineering data, with a more than $25 Million Dollar value and going to work for Mubea, a direct competitor that he is barred from working with for two years under his non-compete promises;

(ii) Mundada's simultaneous violation of the Ohio Uniform Trade Secrets Act and the Defend Trade Secrets Act by stealing a copy of Ridge Corp.'s prorprietary, trade

secret information, including the Engineering Data, defined below, along with violations by his new employer, Mubea, aiding and abetting the theft;

(iii) additional damages against competitor Mubea for its intentional interference with Ridge Corp.'s confidentiality agreement with Ridge Corp. and its intentional interference with all of Ridge Corp.'s business relationships; and,

(iv) a declaratory judgment regarding the referenced violations of the Agreement.

## THE PARTIES

2.      Plaintiff Ridge Corp. is a for-profit corporation organized and existing under the laws of Ohio, having its principal place of business at 1201 Etna Parkway, Pataskala, Ohio, 43062.

3.      Defendant Mundada is an Ohio resident, residing at 6519 Clifton Park Circle S. Apt. 207, New Albany, Ohio. Mundada is a former employee of Ridge Corp., who has now been hired by direct competitor, Mubea.

4.      Mubea North American Mubea is a for-profit corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 8283 Dixie Highway, Florence, Kentucky 41042. Mubea is an international corporation that holds itself out as providing services and consultations relating to the development of technology and innovation-based solutions for automotive components and transportation services.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, as Plaintiff is asserting a claim arising under the laws of the United States. This Court has supplemental subject matter jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a).

6. This Court can exercise personal jurisdiction over Defendants because the primary acts giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

### A. **Ridge Corporation Background**

7. Ridge Corporation is a manufacturing and engineering company that produces advanced composites, specializing in resilient, lightweight, continuous glass-reinforced, and thermoplastic laminates.

8. Ridge Corporation has continued to innovate and perfect its products and services over the last nearly thirty years, with its origins dating back to its predecessor entity, Techna Composites, Inc., which was formed in 1994.

9. Currently, Ridge Corp. employs approximately 350 total employees.

10. Ridge Corporation innovations and products serve the transportation industry, including trucks and trailers, recreational vehicles and final mile vehicles. Its proprietary products in the transportation industry include lightweight, high-strength, glass fiber and renewable, recyclable laminate panels that provide one-piece composite floors and walls for trucks (including cargo and package delivery vehicles), trailers, and RV's.

11. Ridge Corporation innovations and commercialized products were born by trial in the transportation industry, including refrigerated and dry freight trucks, trailers, and final mile vehicles. In these markets, light weight and green recyclable durability provide superior product performance. As a Tier One supplier to the automotive industry, its proprietary products are highly valued when designing lightweight electric vehicles. High-strength, continuous glass and carbon fiber combined with polypropylene recyclable resin and unique PP form cores provide one-piece composite floors and walls for electric vehicles

that outperform traditional metals. Ridge's unique products provide to vehicle manufacturers (including cargo trucks and package delivery vehicles), trailers, RV's, Marine and automobile manufacturers a method to redesign structural bodies that are more durable and lighter thus utilizing fewer fossil fuels and additionally provide longer run miles for electric vehicles. In other words, Ridge Proprietary products provide vehicle manufacturers a strategic advantage in the electric and light-weight market.

12.    Ridge proprietary products go beyond transportation into medical, residential, commercial, and even homeless shelters due to their uniquely high strength and clean long-life safe formulation.  Ridge products are so clean they are USDA certified for direct food contact. Ridge products have long-life performance with little to no risk of corrosion.

13.    Some Ridge proprietary products are patented but **many** are NOT to maintain complete secrecy of their unique formulation, properties, and value.

### B.    Hiring of Mundada

14.    On or about January 27, 2020, Mr. Mundada began work at Ridge Corp. as a Product Engineer.

15.    As part of Mundada's onboarding process, he executed a binding Confidentiality and Non-Compete Agreement with Ridge Corp. regarding employment. The Confidentiality and Non-Compete Agreement (the "**Agreement**") is attached to the Complaint and marked as **Exhibit A**.

16.    As set forth in the Agreement, Mundada's promise to protect Ridge's confidential information and trade secrets was a fundamental condition of him being employed by Ridge Corp.:

4

(a) Employee acknowledges that in connection with, pursuant to and/or as a result of employment with Ridge, Employee will be making use of, acquiring, and/or adding to confidential information of a special and unique nature and value relating to such matters as Ridge's proprietary information, trade secrets, systems, procedures, manuals, confidential reports, and lists of clients (which are deemed for all purposes confidential and proprietary), as well as the nature and type of services rendered by Ridge, the equipment and methods used by Ridge and preferred by Ridge's clients, and the fees paid by them.

*Id.*, p. 1, (a).

17.     Mundada specifically agreed to non-disclosure of Ridge Corp.'s information under the following clause:

(b) As a condition of employment and continued employment with Ridge, Employee hereby covenants and agrees that he/she shall not, at any time during or following the termination of employment for any reason, directly or indirectly (as defined herein) divulge or disclose for any purpose whatsoever any confidential information that has been obtained by, or disclosed to, him/her as a result of his/her position with Ridge.

*Id.*, p. 1, (b).

18.     Under the terms of the Agreement, and in exchange for his employment, Mundada agreed to assign any and all rights that he might have for any discovery, invention, technological innovation or proprietary interest that was conceived or acquired during his employment with Ridge Corp. *Id.*, p. 3, Section heading "Inventions."

19.     Under the Agreement, Mr. Mundada specifically agreed that the restrictions were reasonable. *Id.*, p. 3, at Section heading "Reasonableness of Restrictions." ("Employee has carefully read and considered the provisions of this Confidentiality and Non-Competition Agreement and, having done so, agrees that the restrictions set forth in those sections, including, but not limited to, the time period of restriction and geographic areas of restriction, are fair and reasonable and are reasonably required for the protection of the interests of Ridge.")

20.     Furthermore, during Mundada's employment, Ridge Corp. further maintained policies for protecting confidentiality and trade secrets in its Employee Handbook, which prohibited its employees from disseminating the company's confidential and trade secret information. Specifically, the Confidentiality Section of the Ridge Employee Handbook provides as follows:

> **Confidentiality**
> Information is part of what makes this Company competitive. During your employment here, you will periodically learn sensitive information, either because you help to develop that information or because you need that information to do your job. ***It is important for the health of this business -- and for the well-being of employees who depend on this business for their livelihood -- that you keep information you learn through your employment confidential.*** Employees who improperly disclose sensitive information, confidential information, proprietary information, or trade secret information to anyone outside the Company will face disciplinary action, up to and including termination. Therefore, we encourage you to contact the Director of Human Resources if you would like to learn more about this policy or if you have any questions.
>
> ***After you leave this Company, you are still legally prohibited from disclosing sensitive, proprietary, trade secret, or confidential information. If you disclose such information, we will seek legal remedies.***

A true and accurate copy of the Employee Handbook is attached as **Exhibit B** (Emphasis added).

21.     The above confidentiality provisions were essential conditions of Mundada's employment because innovative trade-secret solutions are at the core of Ridge Corp.'s business and Mundada would be repeatedly exposed to secret information based on his job duties.

22.     In Mundada's role as a Product Engineer, he reported to Ridge's Director of Product Engineering, Mr. Brett Moss.

23.     Mr. Mundada's job duties in his role included:

    a.   New product and material development;

    b.   Continuous improvement in composite products through material characterization, design validation, and process parameters;

    c.   Controlling product data management with SolidWorks PDM;

    d.   Production management using Enterprise Resource Planning (BOM, ECO, QMS, Technical documents); and,

    e.   Product commercialization (APQP, PPAP, D/PFMEA).

24.    As is apparent from review of the list above, nearly all Mundada's job duties required him to interface with highly confidential, proprietary and trade secret information of Ridge Corp.

25.    For this same reason, Mundada was required to promise under the Agreement not to directly compete against the business of Ridge Corp. in Ohio or any state contiguous to Ohio:

(b) In view of the unique value to Ridge of the services of Employee, because of the confidential information to be obtained by or disclosed to Employee (as hereinabove set forth), and as a material inducement to Employer employ and/or continue to employ Employee, Employee hereby covenants and agrees that for a period of two (2) years commencing on the date of termination of employment, for any reason (the "Restricted Period"), he/she will not, in the State of Ohio or any contiguous State, directly or indirectly, whether as owner, partner, member, lender, employee, consultant, advisor, representative or in any other capacity: (i) Compete in any manner with **the Business of Ridge; (ii) solicit, contract with, perform services for, otherwise do** business with Ridge's Clients (as defined herein) but only if such business activity and services specifically performed by Employee Compete with Ridge; (iii) influence any Clients of Ridge to transfer their patronage to any third party;

*See* Exhibit A., p. 2, Non-Competition Section, at (b).

26.    Mundada assented and agreed to the non-compete provision contained in the Paragraph above as well as the preceding confidentiality obligations.

27.    At no time, during or after his employment, did Mundada indicate that he did not understand or agree to the terms of the Agreement.

**C.**   **Mundada's Departure and Proven Violation of the Agreement's Confidentiality Clause**

28.   On November 14, 2022, Mundada tendered a notice that he was resigning from Ridge Corp., with his proposed last day of employment being November 25, 2022. *See* attached **Exhibit C**, for a copy of Mr. Mundada's email notice and enclosed resignation letter (collectively, the "Notice of Resignation").

29.   Since that time, Ridge Corp. has learned that Mundada stole valuable trade secrets information of Ridge Corp. before turning in his company laptop.

30.   As part of Ridge Corp.'s vigilant protection of its confidential information and trade secrets, it frequently conducts a forensic examination of company laptops upon their return by departing employees.

31.   Thus, after Mr. Mundada turned in his company laptop following his final day of employment on November 25, 2022, Ridge Corp. sent the laptop to Vestige Digital Investigations for a forensic examination to confirm that Mr. Mundada had not deliberately or inadvertently copied or otherwise exported any of Ridge Corp.'s confidential or proprietary information (the "**Forensic Exam**").

32.   Senior Analyst, Ian Finch, conducted the Forensic Exam and prepared an initial forensic exam Triage Report (the "Triage Report"). *See* Triage Report, attached and marked as **Exhibit D**.

33.   After reviewing the Triage Report regarding Mundada's laptop, Ridge Corp. learned that, shortly before Mundada's final day of employment, Mundada connected an external hard drive into his company laptop and downloaded large amounts of Ridge Corp. proprietary data, including the "Master Engineering Material Specs" files for every one of Ridge Corp.'s customers (the "**Engineering Data**").

34.     As follows below is an excerpted snapshot from the Triage Report:

This section details whether access to sensitive data stored externally to this device was likely to have occurred. This may include, but is not limited to, accessing network drives, data/files/documents on another network connected system, external hard drives and flash drives, CD/DVDs, or other removable media.

**LNK File and Jump List File Analysis**

| Description | Findings |
|---|---|
| *Review of available artifacts surrounding user-created and machine-created "link" (LNK) shortcut files and jump lists.* | There is evidence that suggests a large amount of data was moved onto a Seagate One Touch external hard drive.<br><br>Example files and folders that appear to have been moved from the Mundada Laptop onto the Seagate One Touch include the following.<br><br>• D:\RIDGE\Piyush Transfer Folder\Ridge Inventory Catalog.xlsx<br>   o Created/moved on 11/14/2022 at 5:45:39 AM.<br><br>• D:\RIDGE\Piyush Transfer Folder\Master Engineering Material Specs.xlsm<br>   o Created/moved on 11/14/2022 at 5:45:15 AM.<br><br>• D:\RIDGE\Personal backup\Emails\Sent items\RE_ _EXTERNAL_ RE_ RE_ Development project BrightDrop - RIDGE - Aguascalientes_ 2nd Request for information  (108).msg<br>   o Created/moved on 11/13/2022 at 9:32:39 AM.<br><br>Of particular note is the folder "RIDGE" that was accessed from the Seagate One Touch external hard drive. |

35.     As can be seen from the above Triage Report excerpt, Vestige Digital Investigations has identified from Mr. Mundada's laptop "evidence that suggests a large amount of data was moved onto a Seagate One Touch external hard drive." Vestige then goes on to note examples of files and folders that Mundada has moved onto his Seagate external hard drive, including the file path "Master Engineering Material Specs," defined above as the Engineering Data.

36.     Further, the other file paths referenced in the excerpt above are also each confidential, proprietary, and contain trade secrets, as set forth below regarding each item:

a.     Ridge Inventory Catalog: This document is used within the Product Engineering Department to reserve part numbers. This includes part sizes, descriptions, customer names, customer part numbers, and material types, and part number rules. This document is nearly as old

as the company and continues to be updated. Possession of this document by itself would allow a competitor to have a massive amount of proprietary information.

b.  RE Development project… file path. This file path contains project details and contact information with an emerging market customer, which appears intended to misappropriate information about the project details, execution, and customer.

37.     Vestige is still in the process of preparing an even more detailed report of the theft committed by Mundada, but the original Triage Report confirms that Mundada has copied and misappropriated Ridge Corp.'s highly valuable and confidential, trade secret data, including the Engineering Data.

38.     Upon information and belief, Mundada's overall data theft involves even more file types than the three examples set forth in the Triage Report.

39.     The technology giving rise to the Engineering Data is unique, novel and extremely valuable to Ridge Corp.

40.     Ridge Corp. has taken numerous steps to protect its trade secrets interests and property rights related to the Engineering Data.

41.     Mundada's massive theft of Ridge Corp.'s data is further aggravated and of even greater concern because Ridge Corp. has learned that Mundada has begun work for one of Ridge Corp.'s direct competitors, Mubea.

**D.     Ridge Corp.'s Competitor, Mubea, Coincidentally Hires Mundada before Mundada Resigns and Absconds with Trade Secrets that are Directly Relevant to Mubea's Business**

42. Following Mundada's resignation, Ridge Corp. has learned that Mundada intends to work with competitor, Mubea, based out of its Michigan location.

43. Mubea's Michigan facility is located in Auburn Hills, Michigan and focuses on engineering innovations. It is identified as follows on the Mubea webpage:

Auburn Hills
Mubea Group
MEC Mubea Engineering Center
1701 Harmon Road
Auburn Hills, MI 48326

*See* https://www.mubea.com/en/represented-worldwide (last accessed 12/19/2022).

44. Mubea is an automotive supplier providing products for chassis, car body and powertrain. Its website advertises itself as possessing "new lightweight products, materials and production technologies" used "to offer innovative solutions for lighter vehicles."

45. Mubea products include carbon fiber chassis composites designed to reduce weight and resist corrosion with efforts to provide solutions to the transportation industry.

46. The Engineering Data would be directly relevant and usable by Mubea to derive economic windfalls to the detriment of Ridge Corp.

47. Based on the direct relevance of the Engineering Data to the business of Mubea, it appears that Mundada intends to commit further malicious action against Ridge Corp. and disseminate the Engineering Data to Mubea.

48. Further, Mubea is uniquely well positioned to export and misuse the Engineering Data because of its multinational presence, spread across 49 locations in 18 countries.

E. **Ridge Corp. Protects the Secrecy of its Proprietary and Confidential Information**

49.     Ridge Corp.'s proprietary and confidential information, data, and technology, including the Engineering Data, is not readily available to the public, nor is it possible for this information to be properly acquired by others.

50.     Also included in the data stolen by Mundada are Ridge Corp.'s lists of customers, with information regarding work performed, work specifications, and customer pricing. This information is highly confidential and also amounts to a trade secret.

51.     Ridge Corp.'s trade secrets, including the Engineering Data, have been developed through Plaintiff's efforts and at significant expense.

52.     Ridge Corp.'s proprietary and confidential technology, including the Engineering Data, derives independent economic value from not being known by others, including competitors and customers.

53.     Ridge Corp. undertakes significant measures to protect the confidentiality of its proprietary and confidential technology.

54.     Ridge Corp.'s protection of its trade secret information is a systematic and fully-engrained part of its operations. For example, many of Ridge Corp.'s innovations are protected by trade secret rather than patent, because of the premium on maintaining the information's secrecy in perpetuity.

55.     Ridge Corp.'s highly valued products, process, and vendors are so valued and secret that Ridge Corp. internally uses CODE names for all products, components, and suppliers. This is a language unique to Ridge Corp., which is used in further efforts to preserve confidentiality of its trade secrets.

56.     In addition, Ridge Corp. internally designates the Engineering Data and other proprietary information as "Confidential."

57. Ridge Corp. also requires its employees to execute confidentiality agreements and acknowledgments of its Handbook's Confidentiality Policy, examples of which are included the documents attached as Exhibit A and B to this Complaint.

58. As stated in Ridge Corp.'s Confidentiality Policy, Ridge Corp. also limits exposure to its confidential information to a need-to-know basis.

59. As an example of its ongoing efforts to protect the Engineering Data and other confidential information, Ridge Corp. has a practice of reminding employees of their confidentiality obligations shortly after their final date of employment. Consistent with that practice, Ridge Corp. contacted Mr. Mundada by letter on December 8, 2022 to remind him of his confidentiality and non-compete obligations, attaching a copy of the Agreement. *See* **Exhibit E**, 12.8.22 Letter to Mundada.

60. Similarly, Ridge Corp sent a letter to Mubea on December 15, 2022 to ensure that Mubea was on notice and aware of Mr. Mundada's non-compete obligations and confidentiality obligations to Ridge Corp, along with an attached copy of the Agreement. *See* **Exhibit F**, 12.15.22 Letter to Mubea.

61. Neither Ridge Corp. nor Mundada has responded to the letters that each separately received regarding Mundada's non-compete and confidentiality obligations.

62. Based on the emergency nature of Mundada's massive theft of trade secret information, which was exposed by the Triage Report, Ridge Corp. was forced to bring immediate legal action.

## COUNT I – Breach of Contract
(against Mundada only)

63. Plaintiff incorporates the allegations of the foregoing Paragraphs, as if fully restated here.

64.     Ridge Corp. complied fully with its obligations under the Agreement.

65.     The Agreement was supported by adequate consideration.

66.     Mundada has materially breached and is continuing to breach the Agreement by misappropriating Ridge Corp.'s Engineering Data and other data he stole during his mass-exportation of company data prior to his departure from Ridge Corp.

67.     Mundada's wrongful possession of Ridge Corp.'s trade secret, proprietary and confidential data and technology, including the Engineering Data and other items noted in the Triage Report, is a point-blank breach of the Agreement.

68.     Further, upon information and belief, Mundada has or intends to provide some or all of the Engineering Data and other trade secret information to Mubea.

69.     Under the Agreement's express terms, Mundada's copying and retention of confidential information and trade secrets entitles Ridge Corp. to preliminary and permanent injunctive relief, enjoining Mundada from using, disclosing, or providing the Engineering Data to any individual or company. *See* Exh. A, p. 4.

70.     Mundada's actions have caused or imminently threaten to cause Ridge Corp. to suffer irreparable injury.

71.     The potential injury that may be suffered by Mundada if injunctive relief is granted will not outweigh the injury suffered by Ridge Corp. if injunctive relief is not granted.

72.     Ridge Corp. is likely to succeed on the merits of its claim.

73.     The public interest will be served by granting injunctive relief against Mundada and Mubea.

74.     Based on the paragraphs above within this Count and throughout the Complaint, Ridge Corp. is entitled to an injunction enforcing the Agreement.

75.     Additionally, Ridge Corp. has a valid and enforceable non-compete covenant against Mundada under the Agreement, which prevents him from competing against Ridge Corp. for a period of two years after his termination date.

76.     As detailed above, Mubea is a direct competitor of Ridge Corp. in the unique space they both occupy relating to using technology, engineering, and innovation to provide lightweight transportation solutions.

77.     Mundada is violating his non-compete agreement with Ridge Corp. by working for Mubea in Michigan, which is contiguous with the State of Ohio, as set forth in the Agreement's non-compete restriction.

78.     The Agreement's non-compete promises are proportionally tailored to the legitimate business interest that Ridge Corp. has in protecting its competitive information, particularly in this niche space that is focused on delivering solutions through innovation and technology.

79.     As a proximate cause of Mundada's violations of his non-compete promises, Ridge Corp. is entitled to declaratory and injunctive relief to bar Mundada's employment with Mubea.

## COUNT II –Misappropriation of Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.

80.     Plaintiff incorporates the allegations of the foregoing Paragraphs, as if fully restated here.

81.     During his employment with Ridge Corp., Mundada had access to and was provided with Plaintiff's trade secrets and proprietary and confidential information.

82. Mundada knew or should have known that he was under a duty to maintain the secrecy and confidentiality of Ridge Corp.'s information, which duty continued after his employment terminated.

83. The Engineering Data and other information that Mundada illegally downloaded from Ridge Corp.'s servers is highly guarded and extremely confidential.

84. The downloaded information from Ridge Corp.'s servers is not known to the public and it derives independent economic value from not being known by persons who can obtain economic value from its use.

85. Ridge Corp. takes all reasonable efforts to maintain secrecy of its confidential and proprietary information, including the Engineering Data, pricing information, and lists of existing and prospective customers.

86. The customer information and Engineering Data, as described in this Complaint, constitute trade secrets within the meaning of 18 U.S.C. § 1839(3).

87. The Engineering Data and customer information downloaded by Mundada, as referenced in this Complaint, are key components of products and service intended for use in interstate commerce, within the meaning of 18 U.S.C. § 1836(b)(1).

88. Without justification or privilege to do so, Mundada misappropriated Ridge Corp.'s trade secrets by copying, taking, and retaining Ridge Corp.'s proprietary data, including the Engineering Data.

89. Upon information and belief, Mundada intends to commit further misappropriation by sharing all or parts of the stolen data with his new employer, Mubea, which is a direct competitor of Ridge Corp.

90.     Upon information and belief, Mundada's ability to wrongly share information of Ridge Corp., in part, led Mubea to make an employment offer to Mundada.

91.     Upon information and belief, after Mundada's employment termination with Ridge Corp., he has disclosed or discussed confidential and trade secret information of Ridge Corp. with Mubea in violation of his obligations to Ridge Corp.

92.     Because of these actions, Ridge Corp. has suffered and will continue to suffer irreparable, substantial, and immediate harm from Mundada's retention of its trade secret information.

93.     Mundada's misappropriation of Ridge Corp. trade secrets entitles Ridge Corp. to preliminary, and permanent injunctive relief, enjoining Defendants from engaging in unfair competition against Ridge Corp. by using, disclosing or sharing Ridge Corp.'s proprietary and confidential data, including the Engineering Data.

94.     As a direct and proximate result of Defendants' actions, Ridge Corp. faces the immediate and irreparable loss of its confidential information, the loss of its competitive position, the loss of business goodwill, the loss of sales, the loss of its financial investment in the Engineering Data, and the loss of its investment in time and energy in generating the Engineering Data.

95.     Any potential injury that may be suffered by Defendants if injunctive relief is granted will certainly not outweigh the substantial injury that will be suffered by Ridge Corp. if injunctive relief is not granted.

96.     The public interest will be served by the granting of injunctive relief.

97.     Ridge Corp. is likely to succeed on the merits of its claim.

98.    Further, Mundada and Mubea should be found liable for additional monetary compensatory damages for the harms inflicted during the period of misappropriation, as well as punitive damages to punish and disincentivize the reprehensible conduct giving rise to these claims.

### COUNT III – Injunctive Relief/Specific Performance

99.    Plaintiff incorporates the allegations of the foregoing Paragraphs, as if fully restated here.

100.    Mundada validly entered into the Agreement.

101.    Ridge Corp. has fully complied with the Agreement's terms and conditions.

102.    By his misconduct, as described above, Mundada has materially breached the Agreement.

103.    Ridge Corp. is likely to succeed on the merits of its claims against Defendants.

104.    Mundada should be directed to abide by the terms of the Agreement, including, but not limited to, ceasing any further use or disclosure of the stolen data, including the Engineering Data. Further, Mundada should be enjoined from further participating in employment with Mubea due to its violation of his non-compete promises to Ridge Corp.

105.    Further, Mubea should be ordered to delete, destroy, and cease any use of any Ridge Corp. information or data that Mundada has shared with it through any method.

106.    Plaintiff stands to suffer irreparable harm in the absence of relief from this Court.

107.    Any potential injury that may be suffered by Defendants if injunctive relief is granted will not outweigh the substantial injury Ridge Corp. will suffer if injunctive relief is not granted.

108.    The public interest will be served by granting injunctive relief in this matter.

## COUNT IV – Intentional Interference with Contract of Mundada and Business Relations with Customers

109.    Ridge Corp. incorporates the allegations of the foregoing Paragraphs, as if fully restated here.

110.    Mubea is aware of Mundada's prior employment with Ridge Corp. and his binding non-compete that prevents him from working for Mubea in a state that is contiguous with Ohio.

111.    Mubea hired Mundada to work in its business units that compete with Ridge Corp.

112.    Despite being advised of Mundada's non-compete obligations and being provided a copy of the Agreement, Mubea has maintained employment of Mundada.

113.    As a result, Mubea has intentionally interfered with the Agreement and its enforcement and presently continues to do so.

114.    Additionally, Mundada has knowingly and intentionally interfered with Ridge Corp.'s customer relationships through his theft of trade secrets and his choice to begin working for a direct competitor in violation of his non-compete promises under the Agreement.

115.    As a result of Defendants' tortious interference with Ridge Corp.'s contractual and business relations, Plaintiff is entitled to injunctive relief, along with compensatory and punitive damages in an amount to be determined at trial.

## Count V - Claim for Declaratory Relief

116.    Plaintiff incorporates the allegations of the foregoing Paragraphs, as if fully restated here.

117.    The controversy between the parties is justiciable, ripe, and appropriate for consideration by this Court.

118.    Based on the terms of the Agreement, Ridge Corp is entitled to a declaration that the Agreement is valid and enforceable, and that Mr. Mundada's employment with Mubea violates the non-compete provision of the Agreement.

119.    Speedy relief by this Court is necessary to preserve the rights of the parties and eliminate any further uncertainty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ridge Corp. prays for judgment in its favor against Defendants, as follows:

1.    For a preliminary and permanent injunction preventing Mundada and Mubea from using, storing, possessing, or distributing any Ridge Corp. trade secrets or confidential information, including the Engineering Data;

2.    For a declaration that Mundada's employment with Mubea violates his non-compete agreement with Ridge Corp. and that Ridge Corp. has sole ownership and possesses all rights relating to its stolen data, including the Engineering Data;

3.    An Award of compensatory and punitive damages against Mundada and Mubea;

4.    An award of Ridge Corp.'s costs incurred in this suit; and,

5.    Any other further relief the Court may deem proper.

Respectfully submitted,

Christopher W. Tackett (0087776)
Evan C. Ecos (0097742)
**BAILEY CAVALIERI LLC**
10 W. Broad Street, Suite 2100
Columbus, Ohio 43215
Telephone: (614) 229-3230
Fax: (614) 221-0479
ctackett@baileycav.com
eecos@baileycav.com

*Attorneys for Plaintiff Ridge Corp.*

## VERIFICATION

I, Mr. Raymond McDonald, being first duly sworn, state that I have reviewed the allegations of the above Verified Complaint of Ridge Corporation and swear that the factual allegations contained in the Verified Complaint are true and accurate to the best of my knowledge, information, and belief.

By: Mr. Raymond McDonald, Jr.
Chief Operating Officer,
Ridge Corporation

SWORN TO and subscribed before me this 2O day of December 2022.

Notary Public